# In the United States Court of Federal Claims

|  |  |
|---|---|
| **ADRIAN WILLIAMS,**<br><br>*Petitioner,*<br><br>v.<br><br>**SECRETARY OF HEALTH AND HUMAN SERVICES,**<br><br>*Respondent.* | No. 22-1507<br>(Originally Filed: October 2, 2025)<br>Reissued Publicly: October 17, 2025 |

*Harry E. Forst*, Harry E. Forst, Attorney at Law, New Orleans, Louisiana, for Petitioner.

*Alec Saxe*, Trial Attorney, *Lara A. Englund*, Assistant Director, *Heather L. Pearlman*, Deputy Director, *C. Salvatore D'Alessio*, Director, Torts Branch, *Brett A. Shumate*, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION AND ORDER[1]

**HADJI**, *Judge*.

Petitioner seeks review of a decision dismissing her petition for compensation under the National Vaccine Injury Compensation Program. For the reasons stated below, Petitioner's Motion for Review (ECF 38) is **DENIED**, and the Special Master's Decision (ECF 36) is **SUSTAINED**.

## BACKGROUND

### I. Petitioner's Medical History

The Special Master's Decision contains a thorough discussion of the evidence of record. ECF 36 at 5-8. As the underlying facts set forth in Petitioner's medical records are not in dispute, the Court adopts such facts as set forth in the Decision and briefly summarizes them here. *See* ECF 36 at 5-8; ECF 38; ECF 40 at 6.

---

[1] This Opinion was issued under seal on October 2, 2025. The parties were directed to propose redactions within fourteen days of issuance of the Opinion. No proposed redactions were received. The Court hereby publicly releases the Opinion in full.

On September 9, 2017, Petitioner received tetanus-diphtheria-acellular pertussis (Tdap), influenza (flu), and pneumococcal vaccines at a Rite Aid in Louisiana. ECF 36 at 5-6. Two days later, she presented to the emergency room complaining of left arm soreness, fatigue, weakness, nausea, and vomiting. *Id*. Petitioner's medical team considered multiple potential sources of infection, including cellulitis. *Id*. at 6. Ultimately, Petitioner was admitted to the hospital and received a primary diagnosis of septic shock, source unknown. *Id*. She was treated with IV fluids and antibiotics and discharged on September 20, 2017. *Id*.

There are no medical records documenting further complaints related to Petitioner's left arm following her discharge from the hospital. *Id*. Nor are there any medical records reflecting further treatment of sepsis or cellulitis. *Id*. Instead, Petitioner's post-discharge medical records reflect that she resumed treatment for a preexisting right arm injury. *Id*.

## II.     The Petition and Procedural History

In October 2022, Petitioner filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq*.,[2] alleging that her September 2017 vaccines caused septic shock and sequelae. ECF 1 at 1-2. In support of her claim, Petitioner submitted medical records, affidavits, and the report of Dr. Jerrold S. Dreyer, an infectious disease specialist who opined that Petitioner suffers from post-sepsis syndrome with muscle cramping as a residual effect of vaccine-induced septic shock. *See* ECF 3 at 1-2; Pet. Ex. 7 at 2. Petitioner also submitted deposition testimony and civil litigation documents arising from a dismissed suit against Rite Aid and the pharmacist who administered the vaccines. *See* ECF 3 at 1-2.

Respondent's Rule 4(c) Report challenged Petitioner's claim on the basis that she had not met the Vaccine Act's six-month severity requirement. ECF 21 at 3-7. The Special Master ordered Petitioner to submit any corroborating evidence to support her claim that her injury, pain, or disability continued in excess of six months. ECF 22 at 3. In September 2023, Petitioner filed additional medical records as well as three pieces of medical literature in support of her claim. ECF 25. Unsatisfied that the six-month severity requirement was met, Respondent again sought dismissal. ECF 29 at 1. The Special Master ordered Petitioner to either file additional supporting evidence or confirm the record was complete on the issue of severity. ECF 30 at 2. In February 2024, Petitioner filed a status report averring that she "has no additional evidence to submit on the six-month severity issue…." ECF 31 at 1.

In March 2024, Petitioner moved for a ruling on the record on the six-month severity requirement. ECF 33. On July 2, 2025, the Special Master found that Petitioner failed to satisfy the severity requirement by preponderant evidence and concluded that Petitioner

---

[2] The National Vaccine Injury Compensation Program was established by the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (the Vaccine Act).

may not receive compensation under the Vaccine Act. ECF 36 at 14. Petitioner now seeks review of the Special Master's Decision. ECF 38.

## STANDARD OF REVIEW

Under the Vaccine Act, this Court has jurisdiction to review a special master's decision. 42 U.S.C. § 300aa-12(e)(2). In reviewing a special master's decision, this Court may:

> (A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision, (B) set aside any of the findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or (C) remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(2)(A)-(C). The standards set forth in 42 U.S.C. § 300aa-12(e)(2)(B) "vary in application as well as degree of deference" as each "standard applies to a different aspect of the judgment." *Munn v. Sec'y of Health & Hum. Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992). Findings of fact receive deferential review under the "arbitrary and capricious" standard; legal conclusions are reviewed de novo under the "not in accordance with law" standard; and discretionary rulings are reviewed for "abuse of discretion." *Turner v. Sec'y of Health & Hum. Servs.,* 268 F.3d 1334, 1337 (Fed. Cir. 2001).

With respect to the arbitrary and capricious standard, "no uniform definition … has emerged," but it is "a highly deferential standard of review" such that "[i]f the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Hines v. Sec'y of Health & Hum. Servs.*, 940 F.2d 1518, 1527-28 (Fed. Cir. 1991); *see also Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (a decision is arbitrary and capricious only if it is "so implausible that it could not be ascribed to a difference in view"). Accordingly, if a special master's finding of fact is "based on evidence in the record that [is] not wholly implausible," this Court is "compelled to uphold that finding as not being arbitrary or capricious." *Lampe v. Sec'y of Health & Hum. Servs*., 219 F.3d 1357, 1363 (Fed. Cir. 2000).

## DISCUSSION

To obtain compensation under the Vaccine Act, a petitioner must demonstrate, by a preponderance of evidence, all matters required under 42 U.S.C. § 300aa-11(c)(1), including the elements required to establish entitlement to compensation. 42 U.S.C. § 300aa-13(a)(1)(A). As relevant here, this burden includes a showing that the petitioner

3

suffered the residual effects or complications of a vaccine injury for more than six months.[3] 42 U.S.C. § 300aa-11(c)(1)(D)(i). In determining whether compensation should be awarded, the special master or court must review the record as a whole, and may not find that a petitioner met his or her burden "based on the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1).

The sole issue before the Court is whether the Special Master arbitrarily or capriciously found that Petitioner did not meet the Vaccine Act's six-month severity requirement. Here, Petitioner effectively asks the Court to reweigh the evidence and find that Petitioner met that requirement. *See* ECF 38 at 1-2. But "[t]he statute makes clear that, on review, [this Court] is not to second guess the Special Master[']s fact-intensive conclusions." *Hodges v. Sec'y of Health & Hum. Servs.*, 9 F.3d 958, 961 (Fed. Cir. 1993). It is not for this Court to "reweigh the factual evidence, assess whether the special master correctly evaluated the evidence, or examine the probative value of the evidence or the credibility of the witnesses—these are all matters within the purview of the fact finder." *Porter v. Sec'y of Health & Hum. Servs.*, 663 F.3d 1242, 1249 (Fed. Cir. 2011). Accordingly, the Court cannot "substitute its judgment for that of the special master merely because it might have reached a different conclusion." *Snyder v. Sec'y of Health & Hum. Servs.*, 88 Fed. Cl. 706, 718 (2009).

In the instant case, the Special Master undertook a thorough and careful evaluation of the evidence before concluding that "[P]etitioner has not established by a preponderance of the evidence that she suffered a vaccine-related injury that satisfies the six-month severity requirement." ECF 36 at 12. The Special Master reviewed Petitioner's medical records and testimony, Dr. Dreyer's expert report, and medical literature. *See id*. at 5-8, 12-14. After doing so, she found that "there is nothing in the record to corroborate" Petitioner's claims that she suffered from sequelae for more than six months. *Id*. at 12.

This finding was not arbitrary and capricious. Though Petitioner argues that she "presented overwhelming evidence that her injury lasted more than six months," ECF 38 at 1, the Special Master addressed each piece of evidence and articulated her rationale for finding each unpersuasive. With respect to Dr. Dreyer's expert report, she explained that his opinion lacked support from any medical documentation and noted that his opinions rely on Petitioner's uncorroborated statements. ECF 36 at 13. Regarding the medical literature Petitioner presented, the Special Master noted that none of the articles established a causal relationship between vaccination and long-term cramping or supported the persistence of post-sepsis syndrome symptoms beyond six months. *Id*. at 13-14. Finally, she explained that, in accordance with the evidentiary standard set forth in the Vaccine Act,

---

[3] Alternatively, a petitioner may prove death or that her injury resulted in inpatient hospitalization and surgical intervention. 42 U.S.C. § 300aa-11(c)(1)(D)(i). Here, there is no dispute that Petitioner is alive and that she did not undergo surgery during her hospitalization.

Petitioner's testimony alone is insufficient to satisfy her burden.[4] *Id.* at 13. Because the Special Master "considered the relevant evidence of record, dr[ew] plausible inferences and articulated a rational basis for the decision," *Hines*, 940 F.2d at 1528, the Court declines to disturb the Special Master's finding.

Though Petitioner argues that public policy considerations warrant a different result, the Court disagrees. In Petitioner's view, the Special Master's Decision is "contrary to the very spirit of the Vaccine Injury Fund's very existence." ECF 38 at 3. However, though the goal of the Vaccine Act is to "lessen the number of lawsuits against manufacturers and … satisfy petitioners in a fair, expeditious, and generous manner," *Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1326 (Fed. Cir. 2011), the Vaccine Act nonetheless sets forth strict evidentiary standards that must be met in order to obtain compensation. Because Petitioner did not meet that burden here, the Special Master's denial of compensation is consistent with both the letter and spirit of the Vaccine Act.

## CONCLUSION

Because the Special Master thoroughly evaluated the evidence of record and articulated a rational basis for finding that Petitioner did not meet her burden in meeting the six-month severity requirement, Petitioner's Motion for Review (ECF 38) is **DENIED** and the Special Master's Decision (ECF 36) is **SUSTAINED**. The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

PHILIP S. HADJI
Judge

---

[4] Petitioner suggests that the Special Master discredited her testimony based on an improper credibility determination and argues that Petitioner "should be believed" absent "a history of being a liar or a cheater." ECF 38 at 2. This argument fails because: (1) no adverse credibility determination was made; and (2) special masters have broad discretion in determining credibility. *Bradley v. Sec'y of Health & Hum. Servs.*, 991 F.2d 1570, 1575 (Fed. Cir. 1993).